IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| RON ALLEN HUNTER JR., ) | |
| ) | |
| Plaintiff, ) | 1:22-CV-00078-RAL-SPB |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | UNITED STATES MAGISTRATE JUDGE |
| DR. BARRETT, PHYSICIAN; DR. KANG, ) | |
| PHYSICIAN; AND Z. WAGGONER, C.O.; ) | ORDER |
| ) | |
| Defendants, ) | |

Plaintiff Ron Allen Hunter, Jr. ("Plaintiff"), proceeding pro se, has submitted a notification to the Court in which states only:

> Yes I want to proceed with legal action. I do not want this case dismissed. I do want to continue my lawsuit and civil case. So yes pleas[e] continue my case. Thanks for your time … I did so within civil procedure 5. Please continue my case to be seen in front of a judge. Thank you.

ECF No. 27. The Court construes this document as the Plaintiff's attempt to file a memorandum in opposition to the Defendants' motions to dismiss. *See* ECF Nos. 20, 22 (motions to dismiss) and 24 (response order). So construed, the document lacks any factual background, legal argument, and/or citation to properly legal authority. Thus, he has not adequately responded to the Defendants' motions. *See, e.g., Lada v. Delaware Cnty. Cmty. Coll.,* 2010 WL 11561100, at *1 (E.D. Pa. May 12, 2010).

Given that the Plaintiff is representing himself, the Court will offer Plaintiff another opportunity to respond to Defendants' motions. Plaintiff may do so in one of two ways. First, if

1

Plaintiff believes that the problems the Defendants identified in their Motions to Dismiss can be corrected by supplying additional factual detail or otherwise clarifying his claims, he may file an Amended Complaint on or before **July 22, 2022**.  *See* ECF No. 24.  Plaintiff is reminded that an amended complaint "must be complete in all respects.  It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018) (quoting *Young v. Keohane*, 809 F.Supp. 1185, 1189 (M.D. Pa. 1992)).

Otherwise, if Plaintiff believes that allegations in his existing complaint are already adequate to state a claim, he should submit a memorandum in opposition to the motion to dismiss explaining why Defendants' motion should be denied.  Using the facts alleged in the Complaint, Plaintiff should attempt to explain, to the best of his ability, why his factual allegations are sufficient to satisfy the elements of each of his legal claims.  Plaintiff should respond to each argument raised in the Defendants' motions and briefs and include, where appropriate, citations to legal cases that support his position.  As noted above, should the Plaintiff elect to file a memorandum in opposition to the Defendants' motions to dismiss, he must do so **by July 22, 2022.**

**Finally, Plaintiff is advised that he should NOT file both an Amended Complaint AND a memorandum in opposition.**

DATED this 30th day of June, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE