IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| RON ALLEN HUNTER JR., <br><br> Plaintiff, <br><br> vs. <br><br> DR. BARRETT, PHYSICIAN; DR. KANG, PHYSICIAN; AND Z. WAGGONER, C.O.; <br><br> Defendants, | 1:22-CV-00078 <br><br> RICHARD A. LANZILLO <br> UNITED STATES MAGISTRATE JUDGE <br><br> OMNIBUS ORDER ON PLAINTIFF'S PETITIONS FOR WRIT OF QUO WARRANTO <br><br> ECF NOS. 29, 31, 32, 33, 34, AND 35 |

Plaintiff Ron Allen Hunter ("Hunter") has filed petitions seeking a writ of quo warranto against Defendants Barrett, Kang, and Waggoner. *See* ECF Nos. 31, 32. And 34. He filed similar applications against non-defendants Heather Martin, Shawn Bolt, and Warden Hollman. *See* ECF Nos. 29, 3, and 35. Hunter challenges each individuals' job performance as violating his rights under the "14th Amendment that states[:] do not deprive me of life, liberty, or due process, due process clause." *See, e.g.*, ECF No. 29 at p. 1. Hunter's petitions are **DENIED**.

As to the three named defendants (Barrett, Kang, and Waggoner), each of Hunter's petitions appear to allege a federal quo warranto claim. *See, e.g.*, ECF No. 31, p. 1. A federal quo warranto action has historically been available only in connection with proceedings over an individual's right to hold an office or position. *See, e.g., Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933); *Newman v. Frizell*, 238 U.S. 537 (1915); *Barany v. Buller*, 670 F.2d 726, 735 (7th Cir. 1982). Moreover, "[i]t appears from case law that in federal court, the writ may be

1

sought only by the United States, and not by private individuals." *Allah v. Robinson*, 2007 WL 2220258, at *2 (W.D. Wash. July 31, 2007) (citing *Johnson*, 289 U.S. at 502 (1933)); *see also Bhambra v. County of Nev.*, 2010 WL 3258836 (E.D. Cal. 2010); *United States v. Machado*, 306 F. Supp. 995, 1000 (N.D. Cal. 1969). The focus of a quo warranto action—like an injunction—is preventing a continued exercise of authority unlawfully asserted, not to a correct what already has been done under it or to vindicate private rights. *See Sundance Land Corp. v. Community First Federal Sav. and Loan Ass'n*, 840 F.2d 653, 665 (9th Cir. 1988) (citing *Johnson*, 289 U.S. at 502)). *See also Hill v. Commonwealth of PA*, 2021 WL 4852131, at *9 (M.D. Pa. June 9, 2021), *report and recommendation adopted sub nom. Hill v. PA*, 2021 WL 4844061 (M.D. Pa. Oct. 18, 2021), *aff'd*, 2022 WL 910342 (3d Cir. Mar. 29, 2022). Hunter is a private individual and thus has no standing to bring a federal quo warrant action. *See Hill*, 2021 WL 4852131, at *10. Further, Hunter's applications seek to correct actions that were taken in the past, not to prevent a continued exercise of authority unlawfully asserted. *See id.* Thus, to the extent Hunter brings these petitions as actions seeking a federal writ quo warranto against the three named defendants, he lacks standing and the petitions are hereby **DENIED**.

The petitions seeking a writ of quo warranto against the non-defendant individuals are also **DENIED**. Here, Hunter appears to allege a state law claim of quo warranto seeking the removal of a prison counselor (Martin), a corrections officer (Bolt), and the prison warden (Hollman), from their respective positions. The general rule is well settled that a quo warranto action constitutes the proper method to challenge title or right to public office. *In re One Hundred or More Qualified Electors*, 683 A.2d 283, 286 (Pa. 1996); *Andrezjwski v. Borough of Millvale*, 673 A.2d 879, 881 (Pa. 1996). The rationale for the exclusive nature of the quo warranto remedy is that:

> [Q]uo warranto is the Gibraltar of stability in government tenure. Once a person is duly elected or duly appointed to public office, the continuity of his services may not be interrupted and the uniform working of the governmental machinery disorganized or disturbed by any proceeding less than a formal challenge to the office by that action which is now venerable with age, reinforced by countless precedent, and proved to be protective of all parties involved in a given controversy, namely quo warranto.

*In re Bd. of Sch. Dirs.*, 180 A.2d 16, 17 (Pa. 1962). Generally, only the attorney general or local district attorney may institute a quo warranto action. *Qualified Electors*, 683 A.2d at 286. "A party will be permitted to bring an alternative action to the remedy of quo warranto where the Attorney General and the local district attorney refuse to bring such an action or if it would be a futile exercise to seek the approval of these officials." *Id*. at 286–87. But "[a] private party with a special interest in the matter may institute a quo warranto action without first notifying the Attorney General or the local district attorney." *Reed v. City of Harrisburg,* 995 A.2d 1137, 1140 (Pa. 2010).[1]

Here, Hunter lacks standing to bring a state law quo warranto action because he has not averred that he filed these petitions after first asking both the Attorney General and the local district attorney to bring the action, and because he has not alleged the requisite "special interest" permitting him to proceed with a quo warranto action. *See, e.g., Bird v. Borough of Moosic*, 2020 WL 969502, at *6 (M.D. Pa. Feb. 28, 2020). Accordingly, Hunter's petitions [ECF Nos. 29, 31, 32, 33, 34, and 35] for a writ of quo warranto against these individuals are **DENIED**.

---

[1] Should Hunter wish to bring quo warranto actions against these unnamed Defendants, he would have to do so by filing new actions against them.

DATED this 13th ~~11th~~ day of July, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

4