IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RON ALLEN HUNTER JR. ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22-cv-78-SPB-RAL |
| ) | |
| v. ) | |
| ) | |
| DR. BARRETT, PHYSICIAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This *pro se* civil action was opened on February 28, 2022 and referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72(b). ECF No. 1. The Plaintiff, Ron Allen Hunter, Jr., is a former pretrial detainee who alleges that he was subjected to tortious conduct while detained at the Erie County Prison. He has sued three Defendants identified in the complaint as "Dr. Barrett, Physician"; "Dr. Kang, Physician"; and "Z. Waggoner, C.O." (hereafter, "Waggoner").

On June 21, 2022, Defendant Waggoner filed a motion to dismiss the claims asserted against him. ECF No. 22. Plaintiff responded the following month, ECF Nos. 30 and 37, making Waggoner's motion ripe for disposition.

On November 16, 2022, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that Waggoner's motion to dismiss be granted in part and denied in part. ECF No. 52. Judge Lanzillo began by addressing Waggoner's assertion that Plaintiff had not properly exhausted his administrative remedies for purposes of the Prison Reform Litigation Act, 42 U.S.C. §1997e(a). As to this affirmative defense, Judge Lanzillo concluded that the

Court lacked an adequate factual record to determine the "availability" of Plaintiff's administrative remedies or the extent to which such remedies were (or were not) exhausted. Accordingly, Judge Lanzillo recommended that Waggoner's motion be denied insofar as it requested the dismissal of Plaintiff's claims based on a failure to exhaust administrative remedies.

Next, the Magistrate Judge addressed certain claims which he identified as insufficiently pled. Specifically, Judge Lanzillo acknowledged that Plaintiff appeared to be alleging liability predicated on failure to protect, retaliation, defamation, and assault and battery claims. Judge Lanzillo opined that each of these claims was subject to dismissal based on a lack of supporting factual allegations.

The Magistrate Judge next acknowledged a putative Fourteenth Amendment claim predicated on the theory that Waggoner used excessive force against Plaintiff through the objectively unreasonable application of OC spray. Judge Lanzillo recommended that Waggoner's motion be denied with respect to this claim because he viewed Plaintiff's allegations as sufficient to state a plausible Fourteenth Amendment violation by an officer acting under color of state law.

Judge Lanzillo also acknowledged that Plaintiff might be asserting a Fourteenth Amendment claim against Waggoner based on Waggoner's alleged deliberate indifference to Plaintiff's serious medical needs. Judge Lanzillo recognized that Plaintiff's alleged hernias and broken ribs presented serious medical conditions but concluded that Plaintiff had failed to allege conduct on Waggoner's part that could amount to deliberate indifference. Judge Lanzillo determined that, because Plaintiff was admittedly receiving care from the prison's medical staff, he could not maintain a deliberate indifference claim against Waggoner (a non-medical

2

employee) based on perceived deficiencies in his medical care. Judge Lanzillo also considered related allegations that: (1) Waggoner had used OC spray on him despite knowing of Plaintiff's heart problems; and (2) Waggoner had required Plaintiff to climb into a top bunk despite knowing of Plaintiff's lifting restrictions. Judge Lanzillo opined that these allegations could conceivably support Plaintiff's excessive force claim or one based on conditions of confinement, but not a claim predicated on Waggoner's alleged neglect of a medical need. Consequently, Judge Lanzillo recommended that this Court dismiss any putative claim based on Waggoner's alleged deliberate indifference to Plaintiff's serious medical needs.

Finally, Judge Lanzillo considered whether Plaintiff should be granted leave to amend the deficiencies in his complaint. Noting that Plaintiff had already tried unsuccessfully, in numerous supplemental filings, to support his assertions of deliberate indifference, retaliation, failure to protect, defamation, assault and battery, Judge Lanzillo recommended that these claims be dismissed without leave for further amendment.

Objections to the Report and Recommendation were due to be filed no later than December 5, 2022. To date, no objections have been received from Plaintiff. Waggoner did file objections, however, in which he raises two arguments challenging the Magistrate Judge's rejection of his failure-to-exhaust defense. ECF No. 55. First, Waggoner reiterates his argument that Plaintiff's complaint and supplemental filings are devoid of any averments from which the Court can infer that Plaintiff properly grieved or attempted to grieve his excessive force claim. Second, Waggoner proffers (for the first time) an affidavit from Deputy Warden Michael Holman, dated September 7, 2022, which addresses Plaintiff's alleged failure to exhaust his administrative remedies relative to the excessive force claim.

3

Having fully reviewed and considered the Defendant's objections, the Court will overrule them. As to Waggoner's first point, this Court concurs with the Magistrate Judge's interpretation of the operative pleading(s) as well as the Magistrate Judge's application of the rule recognizing that failure-to-exhaust is an affirmative defense which places no pleading burden on the claimant. As to Waggoner's second point, this Court generally disfavors the introduction of new legal authority or evidence that was not presented to the Magistrate Judge in the first instance. *See* Section II(E) of the Undersigned's Practices and Procedures, available at https://www.pawd.uscourts.gov/sites/pawd/files/Baxter_PP_2019.pdf. Here, Defendant has failed to adequately explain why he could not have produced the affidavit in a timely fashion so that the Magistrate Judge could have reviewed it in connection with the pending Report and Recommendation.

On the other hand, one particular point raised by Waggoner is well-taken: the present form of Plaintiff's pleading, which consists not only of the complaint, but also numerous post-complaint filings construed as supplements, is both prolix and unwieldy. Moreover, as the Magistrate Judge noted, Plaintiff's averments are generally disjoined, repetitive, and conclusory, often failing to identify specific conduct that can be attributed to each particular Defendant. In short, Plaintiff's "pleading" fails to comply with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. As one federal court has cogently explained:

> To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019); *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741,

> 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

*Scotto v. Credit Suisse*, No. 22-CV-1176, 2022 WL 1320391, at *2 (E.D. Pa. May 3, 2022).

Given the defects in the Plaintiff's pleadings, he will be required to reassert his claim against Waggoner in an amended complaint, as set forth below. In doing so, Plaintiff should bear in mind that federal litigation is "serious business to be undertaken carefully and thoughtfully," as this Court and other federal courts are "funded by the taxpayers of this country to adjudicate genuine disputes ...." *Harvey v. United States*, 149 Fed. Cl. 751, 775 (2020), *aff'd*, 845 F. App'x 923 (Fed. Cir. 2021). Accordingly, this Court retains the inherent power to place reasonable restrictions on any litigant's ability to submit future filings, particularly where it sees evidence of "abusive, groundless, and vexatious litigation." *Scotto v. Credit Suisse*, No. 22-CV-1176, 2022 WL 1320391, at *3 (E.D. Pa. May 3, 2022) (citing authority).

In sum, after *de novo* review of the complaint and documents in the case, together with the Defendant's motion to dismiss, Plaintiff's responses, the Magistrate Judge's Report and Recommendation, and Defendant's objections thereto, the following order is entered:

AND NOW, this 21st day of December, 2022, IT IS ORDERED that the motion to dismiss filed by Defendant Waggoner, ECF No. [22], is DENIED insofar as it relates to Plaintiff's Fourteenth Amendment excessive force claim and is GRANTED in all other respects. Because the defects in Plaintiff's claims (other than his Fourteenth Amendment excessive force

claim) do not appear to be curable through further amendment, Plaintiff's claims (other than his Fourteenth Amendment excessive force claim) are hereby DISMISSED with prejudice and without further leave to amend.

So that Defendant Waggoner may meaningfully respond to Plaintiff's excessive force claim, IT IS FURTHER ORDERED that Plaintiff shall file, **on or before January 10, 2023,** an amended complaint, consisting of one singular document, which sets forth Plaintiff's Fourteenth Amendment excessive force claim against Defendant Waggoner, as well as any other surviving claims against the Medical Defendants. Plaintiff's amended complaint shall consist of numbered paragraphs that identify the conduct specifically attributable to each Defendant and the claims directed against each Defendant. The amended complaint shall comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and the pleading standards discussed in both this Memorandum Order and the Magistrate Judge's Report and Recommendation.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on November 16, 2022, ECF No. [52], is adopted as the opinion of this Court. Except as specifically noted herein, Defendant Waggoner's objections to the Report and Recommendation, ECF No. [55] are OVERRULED.

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge