IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RON ALLEN HUNTER JR. ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22-cv-78-SPB-RAL |
| ) | |
| v. ) | |
| ) | |
| DR. BARRETT, PHYSICIAN, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM ORDER

This *pro se* civil action was opened on February 28, 2022 and referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Civil Rule 72(b). ECF No. 1. The Plaintiff, Ron Allen Hunter, Jr., is a former pretrial detainee who alleges that he was subjected to tortious conduct while detained at the Erie County Prison. He has sued three Defendants identified in the complaint as "Dr. Barrett, Physician"; "Dr. Kang, Physician"; and "Z. Waggoner, C.O." The first two individuals (hereafter referred to as the "Medical Defendants") are properly identified as Colleen Bessetti-Barrett and Kang Li, respectively.

On June 21, 2022, the Medical Defendants filed a motion to dismiss all claims against them. ECF No. 20. Plaintiff responded the following month, ECF Nos. 30 and 37, making the Defendants' motion ripe for disposition.

On November 16, 2022, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that the claims against the Medical Defendants be dismissed without prejudice. ECF No. 51. He first concluded that Plaintiff's claims alleging a failure-to-protect, retaliation, defamation, assault and battery should be dismissed due to a lack of factual

1

allegations to support those theories. Judge Lanzillo next considered whether Plaintiff had stated a Fourteenth Amendment claim against the Medical Defendants for deliberate indifference to his serious medical needs. Although he recognized that Plaintiff's alleged hernias and broken ribs presented serious medical conditions, Judge Lanzillo concluded that Plaintiff had failed to alleged conduct amounting to deliberate indifference. Insofar as Plaintiff's "deliberate indifference" claim was grounded on his assignment to a top bunk (allegedly against the orders of doctors from Saint Vincent Medical Center), Judge Lanzillo concluded that Plaintiff had not alleged facts to demonstrate that either Medical Defendant was personally involved in Plaintiff's bunk assignment. In addition, the Magistrate Judge found that Plaintiff had not adequately pled the Medical Defendants' awareness of his medical condition and physical restrictions. Finally, Judge Lanzillo determined that Plaintiff's allegations concerning his medical care at Erie County Prison were not specifically directed at either Medical Defendant and, in any event, involved mere disagreement with his course of treatment, as opposed to evidence of deliberate indifference to serious medical needs. Nevertheless, because Judge Lanzillo viewed Plaintiff's claims as potentially capable of remediation, he recommended that they be dismissed without prejudice and with leave to amend.

Objections to the Report and Recommendation were due to be filed no later than December 5, 2022. To date, no objections have been received.

One final observation is in order, as it relates to the style and substance of Plaintiff's pleadings, namely: the present form of Plaintiff's pleading, which consists not only of the complaint, but also numerous post-complaint filings construed as supplements, is both prolix and unwieldy. Moreover, as the Magistrate Judge noted, Plaintiff's averments are generally disjoined, repetitive, and conclusory, often failing to identify specific conduct that can be

attributed to any particular Defendant. In short, Plaintiff's "pleading" fails to comply with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. As one federal court has cogently explained:

> To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019); *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

*Scotto v. Credit Suisse*, No. 22-CV-1176, 2022 WL 1320391, at *2 (E.D. Pa. May 3, 2022).

Based on the foregoing observations, and after *de novo* review of the complaint and documents in the case, together with the Defendants' motion to dismiss, Plaintiff's responses thereto, and the Magistrate Judge's Report and Recommendation, the following order is entered:

AND NOW, this 21st day of December, 2022, IT IS ORDERED that the motion to dismiss filed by Defendants Colleen Bessetti-Barrett and Kang Li, ECF No. [20] is GRANTED and the claims against them are DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff may reassert his claims against Defendants Colleen Bessetti-Barrett and Kang Li **on or before January 10, 2023** in an amended pleading

that shall include <u>all</u> of Plaintiff's claims against <u>all</u> Defendants.  Any amended pleading shall conform to the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure as well as the federal pleading requirements discussed in both this Memorandum Order and the Magistrate Judge's Report and Recommendation.[1]  **In the event that Plaintiff declines to file an amended pleading on or before January 10, 2023, the Court's dismissal of his claims against Defendants Colleen Bessetti-Barrett and Kang Li shall be converted to a dismissal <u>with prejudice</u>, without further notice.**

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on November 16, 2022, ECF No. [51], is adopted as the opinion of this Court.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

---

[1] Plaintiff should also bear in mind that federal litigation is "serious business to be undertaken carefully and thoughtfully," as this Court and other federal courts are "funded by the taxpayers of this country to adjudicate genuine disputes ...." *Harvey v. United States*, 149 Fed. Cl. 751, 775 (2020), *aff'd*, 845 F. App'x 923 (Fed. Cir. 2021).  Accordingly, this Court retains the inherent power to place reasonable restrictions on any litigant's ability to submit future filings, particularly where it sees evidence of "abusive, groundless, and vexatious litigation." *Scotto v. Credit Suisse*, No. 22-CV-1176, 2022 WL 1320391, at *3 (E.D. Pa. May 3, 2022) (citing authority).