IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| RON ALLEN HUNTER JR., ) | |
| ) | |
| Plaintiff ) | 1:22-CV-00078-SPB |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | UNITED STATES MAGISTRATE JUDGE |
| Z. WAGGONER, C.O., ) | |
| ) | ORDER DENYING MOTION FOR |
| Defendant ) | SUMMARY JUDGMENT FOR FAILURE |
| ) | TO COMPLY WITH LOCAL RULES |
| ) | |
| ) | ECF NO. 106 |

Plaintiff Ron Allen Hunter Jr. has filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* ECF No. 106. Because Hunter has not complied with our Local Rules, the motion is denied, without prejudice. Local Rule LCvR56(b) states that a motion for summary judgment must be accompanied by "[a] separately filed concise statement setting forth the facts essential for the Court to decide the motion for summary judgment . . . in separately numbered paragraphs" and an appendix containing all documents referenced in the Concise Statement. Courts in this District require strict compliance with the provisions of this Local Rule. *See, e.g., D'Alfonso v. Reddinger*, 2023 WL 6215023, at *1 (W.D. Pa. Sept. 25, 2023); *Coleman v. Tice*, 2018 WL 5724125, at *2 n. 3 (W.D. Pa. Oct. 10, 2018), *adopted by* 2018 WL 5722316 (W.D. Pa. Nov. 1, 2018); *First Guard Ins. Co. v. Bloom Services, Inc.*, 2018 WL 949224, at *2-3 (W.D. Pa. Feb. 16, 2018); *Hughes v. Allegheny County Airport Authority*,

2017 WL 2880875, at *1 (W.D. Pa. July 6, 2017).  Local Rules such as ours have been found "essential to the Court's resolution of a summary judgment motion due to its role in organizing evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence."  *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018) (citations omitted).  *See also Weimer v. County of Fayette,* 2022 WL 28119025, at *10 (W.D. Pa. July 19, 2022) ("The purpose of Local Rule 56(B)(1) is to aid the Court in deciding a motion for summary judgment by identifying material facts and supporting documentation to determine whether the fact is disputed) (citation omitted).

      Although courts provide some leniency to pro se litigants when applying procedural rules, pro se litigants may not ignore such rules. *See Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244 (3d Cir. 2013) and *McNeil v. United States*, 508 U.S. 106, 113, (1993)).  Accordingly, Hunter's motion for summary judgment will be dismissed, without prejudice.  He may refile an appropriately supported motion which complies with our Local Rule.  The Court cautions Hunter that, pursuant to the Case Management Order in place herein, discovery has now concluded and **motions for summary judgment are due on or before December 11, 2023.**  *See* ECF No. 89.

      DATED November 16, 2023.

      BY THE COURT:

      */s/ Richard A. Lanzillo*

      RICHARD A. LANZILLO
      UNITED STATES MAGISTRATE JUDGE