IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| RON ALLEN HUNTER JR., <br><br> Plaintiff <br><br> vs. <br><br> Z. WAGGONER, C.O.; <br><br> Defendant | 1:22-CV-00078-SPB <br><br> RICHARD A. LANZILLO <br> Chief United States Magistrate Judge <br><br> ORDER ON PLAINTIFF'S MOTION FOR EN BANC REVIEW <br><br> ECF NO. 153 |

  Plaintiff Ron Allen Hunter has moved for en banc review, asking the Court as a whole to investigate Defendant Waggoner's actions as demonstrated in video evidence. *See* ECF No, 153, p. 1. The motion is denied.

  First, this Court does not conduct "investigations."

  Second, there is no basis for en banc review. En banc review is typically undertaken by appellate courts, not federal district courts. *See Victor v. Southwest Wine and Spirits, LLC*, 2023 WL 6786846, at *3 (C.D. Cal. May 22, 2023); *Crossman v. Astrue*, 714 F. Supp. 2d 284, 286 (D. Conn. 2009) ("This Court cannot, and will not, speak on behalf of the other judges of this District. And as Defendant rightly points out, neither the Local Rules nor the Federal Rules of Civil Procedure provides for an "en banc" review in the district courts."). *See also* Federal Rule of Appellate Procedure 35 (defining when rehearing en banc may be ordered). In some situations, however, a district court may hear a case en banc. *See, e.g., Fasi v. Cayetano*, 752 F. Supp. 942, 944 (D. Haw. 1990). Cases heard by a district court en banc typically fall into two

1

categories: "those pertaining to sensitive political disputes and those pertaining to overlapping issues in criminal or habeas cases." *Victor*, 2023 WL 6786846, at *3 (citing Maggie Gardner, *District Court En Bancs*, 90 Fordham Law Review, 1541, 1569 (2022)). Here, there is no basis to order en banc review. Hunter makes no allegation of corruption at various levels of government nor has he alleged any political dispute. *See Fasi*, 752 F. Supp. at 944. Nor does Hunter's motion allege any overlapping issues between a criminal prosecution and habeas corpus proceedings. Accordingly, because Hunter's motion does not present a situation wherein district courts typically engage in collaborative decision-making such as en banc review, it is denied.

DATED this 23rd day of April, 2024.

BY THE COURT:

*(signature)*

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE