IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| RON ALLEN HUNTER JR., ) | |
| ) | |
| Plaintiff ) | 1:22-CV-00078-SPB |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | Chief United States Magistrate Judge |
| Z. WAGGONER, C.O., ) | |
| ) | REPORT AND RECOMMENDAITON ON |
| Defendant ) | DEFENDANT WAGGONER'S MOTION |
| ) | FOR SUMMARY JUDGMENT |
| ) | |
| ) | ECF NO. 123 |
| ) | |
| ) | |

I.   Recommendation

Defendant Zach Waggoner's motion for summary judgment (ECF No. 123) is before the Undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For the reasons discussed herein, it is respectfully recommended that the motion be granted.

II.  Report

   A.   Introduction

Plaintiff Ron Allen Hunter ("Hunter") is an inmate currently incarcerated in the Erie County Prison ("ECP"). His Amended Complaint is the operative pleading before the Court. *See* ECF No. 67. The Amended Complaint alleges that on January 25, 2022, while he was a pretrial detainee at ECP, Defendant Zach Waggoner, a corrections officer, used excessive force

against him by unnecessarily deploying oleoresin capsicum ("OC") spray upon him in violation of his Fourteenth Amendment rights.[1] *See id.*, ¶¶ 2-6.

Following the close of discovery, Waggoner filed a motion for summary judgment (ECF No. 123), a supporting brief (ECF No. 125), and a concise statement of material facts in compliance with our Local Rules (ECF No. 124). Waggoner later filed a supplemental concise statement (ECF No. 152) and numerous exhibits in support of his motion. Hunter filed a response opposing Waggoner's motion. ECF No. 127.

B. Material Facts

The following facts are taken from Waggoner's concise statement of material facts and, unless otherwise indicated, undisputed.[2] In January 2022, Hunter was detained at the ECP on charges of resisting arrest, disorderly conduct, and public drunkenness. Following his arrest but prior to his confinement, Hunter was transported to a local hospital after complaining of chest pain. X-rays were taken and returned negative for rib fractures. Upon discharge from the hospital, Hunter was taken to the prison, where he underwent medical and mental health screenings. During these assessments, Hunter denied any urgent medical issues but admitted to illegal drug use and a history of mental illness. The prison's medical department did not issue any special orders regarding Hunter's conditions of confinement, and he was provided with a copy of the Inmate Handbook. The following day, Hunter complained of a "hurt rib and liver failure" and was subsequently placed in administrative segregation and put on a regular watch.

---

[1] Hunter's Fourteenth Amendment excessive force claim against Waggoner is the sole remaining claim in this action. See ECF Nos. 57, 58.

[2] Citations to Waggoner's concise statement of material facts are omitted unless necessary for clarification or emphasis. Hunter did not file a responsive concise statement of material facts. Accordingly, each properly supported fact included in Waggoner's concise statement is deemed admitted. *Samuels v. Longnecker*, 2024 WL 1641950, at *1 (W.D. Pa. Mar. 14, 2024), *report and recommendation adopted*, 2024 WL 1640628 (W.D. Pa. Apr. 16, 2024).

On January 25, 2022, Waggoner attempted to transfer Hunter to a different cell to accommodate new arrivals at the prison. Hunter refused Waggoner's orders to gather his belongings, asserting that he had a bottom bunk, bottom tier status designation, although the prison's records did not reflect such a designation. Hunter refused to vacate the cell and demanded to see a superior officer. He also refused Waggoner's request to present his hands for restraint, and subsequently began kicking the cell door and shouting. In response, Waggoner administered a single dose of OC spray in an effort to secure Hunter's compliance. Following this, Hunter was extracted from his cell without further incident.

Misconduct charges, including refusal to obey orders and threatening corrections officers, were filed against Hunter. Although a misconduct hearing was conducted, Hunter refused to attend. He was found guilty of all charges and was sentenced to thirty days in the restricted housing unit.

Although Hunter had filed several other grievances during his detention at ECP, he did not request or file a grievance within 15 days following the OC spray incident of January 25, 2022. Hunter also did not request or file a grievance within 15 days of the misconduct hearing that occurred on February 1, 2022. And although Hunter submitted 22 inmate requests between January 25 and February 16, 2022, none requested a grievance to object to Waggoner's use of OC spray on January 25, 2022.

C.   Standard of Decision

Federal Rule of Civil Procedure 56(a) requires the district court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond his pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). On a motion for summary judgment, "a pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil Procedure] 56 to point to competent evidence in the record that is capable of refuting a defendant's motion ..." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (citation omitted). Put another way, *pro se* status does not relieve a non-moving party of his "obligation under Rule 56(c) to produce evidence that raises a genuine issue of material fact." *Id.* (quoting

*Boykins v. Lucent Techs., Inc.*, 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000)); *see also Winfield v. Mazurkiewicz*, 2012 WL 4343176, at *1 (W.D. Pa. Sept. 21, 2012).

D.    Discussion and Analysis

Waggoner advances three alternative arguments in support of his motion for summary judgment: (1) his use of force was not objectively unreasonable—that the amount of OC spray utilized was minimal and that Hunter sustained no injuries as a result of the minor exposure; (2) Hunter failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act; and (3) he is entitled to qualified immunity. ECF No. 125, p. 7-12. Exhaustion is a precondition to bringing suit under the PLRA. *Drumgo v. Funk*, 2024 WL 3489849, at *3 (M.D. Pa. July 19, 2024). Accordingly, that issue is addressed first.

1.    Hunter failed to exhaust his administrative remedies.

The United States Court of Appeals for the Third Circuit has held that "exhaustion is a 'threshold issue that courts must address.'" *Small v. Camden Cnty.*, 728 F.3d 265, 270 (3d Cir. 2013) (quoting *Dillon v. Rogers*, 596 F.3d 260, 271-72 (5th Cir. 2010)). For inmates and detainees at the ECP, "the first step an inmate must take to exhaust his administrative remedies … is to file a written grievance within fifteen days after the complained-of event." *Weber v. Erie County*, 2024 WL 1054810, at *4 (W.D. Pa. Jan. 29, 2024) (citation omitted).

The record produced by Waggoner in support of his motion for summary judgment supports that although Hunter filed several grievances during his detention at ECP, he did not request or file a grievance within 15 days following the OC spray incident of January 25, 2022. Hunter also did not request or file a grievance within 15 days of the misconduct hearing that occurred on February 1, 2022. And although Hunter submitted 22 inmate requests between January 25 and February 16, 2022, none requested a grievance to object to Waggoner's use of

OC spray on January 25, 2022. *See* ECF No. 125, p. 14. The record produced by Waggoner includes Hunter's inmate requests for the relevant period. *See* ECF No. 123-9. None of these requests refer or relate to the alleged incidence of excessive force or the penalties imposed on Hunter after the disciplinary hearing. Waggoner also submitted an affidavit of Deputy Warden Michael Holman. ECF No. 123-3. In pertinent part, Holman attests that, based upon his review of the prison's grievance records for the relevant period, Hunter filed twenty-two grievances, but none concerned the Waggoner's use of OC spray or the discipline he received as a result of his misconduct hearing. *Id.*, ¶¶ 5-6. Thus, Hunter's excessive force claim is not exhausted.

Hunter's response in opposition does not challenge the authenticity or accuracy of the grievance record. *See* ECF No. 67. Nor has he presented any evidence to counter Waggoner's assertions. His Amended Complaint is not verified, and he has failed to support his opposition with an affidavit or declaration. *See* Federal Rule of Civil Procedure 56(c)(1)(A). Second, although Hunter has supplied the Court with numerous notices, supplementary memos, and correspondence after Waggoner filed his motion, these documents fail to challenge or provide any evidence to controvert Waggoner's position that he failed to exhaust his administrative remedies. *See* ECF Nos. 126, 128, 130, 132, 133, 136, 137, 153, 154, 155, 156, 157, 158, 160, 164, and 181. At ECF No. 127, Hunter does make the following statement: "And I have asked for grievances the jail is with holding (sic) evidence proof of showing I asked for grievances." ECF No. 127, p. 4. This unsworn and conclusory statement, offered without any facts or evidence to support it, is insufficient to create a genuine issue of material fact concerning any unavailability of administrative remedies. *See, e.g.*, 2018 WL 1469053, at *4 (D.N.J. Mar. 26, 2018); *Keys v. Carroll*, 2012 WL 4472020, at *8 (W.D. Pa. Sept. 26, 2012) (holding that plaintiff's reliance on the complaint, deposition testimony and affidavit that he exhausted his

administrative remedies was insufficient to withstand a motion for summary judgment as they were allegations made without evidentiary support and were conclusory). As the non-moving party, Hunter "cannot rely upon conclusory allegations in its pleadings, or in memoranda and briefs to establish a genuine issue of material fact." *Drumgo*, 2024 WL 3489849, at *3 (quoting *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 511-12 (3d Cir. 1994)). If a bare, unsupported allegation that the prison destroyed or withheld grievance records "could suffice to show exhaustion, the PLRA's exhaustion requirement would be rendered a dead letter because every Defendant could evade it with unsupported allegations." *Id*. And the numerous other instances when Hunter availed himself of the grievance process belie any claim that his administrative remedies were somehow rendered unavailable.

Hunter's failure to exhaust his administrative remedies before he filed this action makes it unnecessary to consider the other grounds for summary judgment raised in Waggoner's motion. *See Lasko v. Hendershot*, 2006 WL 2828787, at *5 n.3 (M.D. Pa. Sept. 29, 2006) (holding that because exhaustion is a threshold issue, there is no need to consider the remaining arguments when a failure to exhaust has been established).

III. Conclusion

The Court should grant Waggoner's motion for summary judgment as the evidence is undisputed that Hunter failed to exhaust the administrative remedies available to him at the ECP with respect to his Fourteenth Amendment excessive force claim. Judgment should be entered in favor of Waggoner and against Hunter, and the Clerk of this Court should be directed to mark this case as closed on the Court's docket.

IV.     Notice Concerning Objections

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72((b)(2), and Local Rule 72(D)(2), the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72(D)(2).

DATED this 8th day of August, 2024.

Respectfully submitted,

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE